**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer (9184)
225 Broadway, Suite 307
New York, New York 10007
Telephone: (212) 323-6980

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOSE GONZALEZ, on behalf of
himself and others similarly                     COMPLAINT
situated,
                             Plaintiff,          FLSA COLLECTIVE
                                                 ACTION
      -against-
                                                 ECF CASE
GREEN KITCHEN REST. CORP.
d/b/a GREEN KITCHEN and
VASILI KARABATSOS and
JOHN PAPACOSTAS, individually,
                             Defendants.
-----------------------------------------------------------------------X

Plaintiff Jose Gonzalez ("Gonzalez" or "Plaintiff"), on behalf of himself and all other similarly situated restaurant workers, by his attorney, The Law Offices of Jacob Aronauer, complaining of the Defendants Green Kitchen Rest. Corp. d/b/a Green Kitchen ("Green Kitchen") and Vasili Karabatsos ("Karabastos") and John Papacostas ("Papacostas"), individually (collectively herein the "Defendants") alleges the following:

**PRELIMINARY STATEMENT**

1. This is a civil action brought by the Plaintiff and all other similarly situated workers (kitchen workers, dishwashers and deliverymen) to recover unpaid minimum wages and unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and the collective class work or have worked as

kitchen workers at the diner owned by Vasili Karabatsos ("Karabatsos") and John Papacostas (" Papacostas").

2. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at the Green Kitchen owned and controlled by Karabatsos and Papacostas.

3. Plaintiff and the FLSA collective also bring this action under the Wage Theft Protection Act for Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiff and the FLSA collective class seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c) and 28 U.S.C. § 1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff**

8. Plaintiff is and was at all times relevant hereto an individual residing in the Bronx, New York.

**Defendants**

9. During all relevant times Karabatsos has owned, maintained control, oversight and the direction of Green Kitchen.

10. Defendant Karabatsos is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of Green Kitchen. Karabatsos exercised sufficient control over Green Kitchen to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Green Kitchen.

11. During all relevant times Papacostas has owned, maintained control, oversight and the direction of Green Kitchen.

12. Defendant Papacostas is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of Green Kitchen. Papacostas exercised sufficient control over Green Kitchen to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Green Kitchen.

13. Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.

14. Each Defendant has had substantial control over Plaintiff and similarly situated employees' working conditions and practices alleged herein.

15. Defendant Green Kitchen is a New York limited liability company, having its principal place of business address at 1477 First Avenue, New York, NY 10075.

16. At all times relevant to this action, Defendant Green Kitchen was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

17. Defendant Green Kitchen is and was at all times relevant hereto a New York corporation fully licensed and a general contracting and restoration company located in New York, New York.

18. Defendant Green Kitchen has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

19. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly persons (dishwashers, prep cooks and deliverymen) who are current and former employees of Green Kitchen since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

20. The FLSA Collective consists of approximately fifteen (15) similarly situated current and former workers at Green Kitchen who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

21. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable minimum wage for all time worked up to forty (40) hours per week;

    ii. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

    iii. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

22. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

23. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

24. The position of restaurant worker is not exempt and have never been exempt. Kitchen workers, though, are not paid for all hours worked in excess of forty (40) hours per week.

25. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

26. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

27. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and any anything otherwise required by law.

28. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

## FACTS

**Plaintiff Gonzalez's Employment at Green Kitchen**

29. From approximately 2008, through on or about March 2017, Plaintiff was employed as dishwasher, cleaner and deliveryman by Defendants.

30. Throughout Plaintiff's employment with Defendants, Plaintiff worked at Green Kitchen.

31. Throughout his employment with Defendants, Plaintiff was scheduled to work more than 40 hours each week.

32. For the vast majority of his employment with Defendants, even though Plaintiff was not exempt, Plaintiff was not paid the minimum wage for all hours worked up to 40 hours.

33. Throughout his employment with Defendants, even though Plaintiff was not exempt, Plaintiff was not paid time and one half for all hours worked over 40 hours.

34. Throughout Plaintiff's employment, Defendants did not require Plaintiff to "clock in" or use any other formal time tracking method with respect to his hours.

35. Throughout Plaintiff's employment, each week Defendants paid Plaintiff at the end of each week with an envelope filled with cash.

36. This envelope did not contain a notation of the hours worked by Plaintiff.

37. This envelope did not contain a notation of the salary earned by Plaintiff.

**Plaintiff Gonzalez's Work**
**Schedule and Salary at Green Kitchen**

38. From 2008 through on or about March 2017, Plaintiff worked six days a week.

39. On average, Plaintiff worked ten hours each day.

40. Throughout his employment, Plaintiff did not receive a meal break.

41. From 2011 through 2012, Plaintiff was paid $250 for each week of work.

42. From 2013 through 2017, Plaintiff was paid $300 for each week of work.

43. Throughout Plaintiff's employment, even though Plaintiff worked more than 40 hours each week, Plaintiff was not paid overtime. Rather, he was only paid a flat weekly rate.

44. Plaintiff's employment with Defendants ended in March 2017.

**Defendants' Violations of the Wage Theft Protection Act**

45. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

46. Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

47. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## FIRST CAUSE OF ACTION
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.**

48. Plaintiff, on behalf of himself and the FLSA Collective, realleges and incorporates by reference all allegations in all preceding paragraphs.

49. Throughout the relevant time period, Plaintiff and the FLSA Collective worked in excess of forty (40) hours per workweek.

50. At all relevant times throughout his employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

51. At all relevant times throughout Plaintiff and the FLSA Collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

52. Defendants' decision not to pay overtime was willful.

53. Plaintiff and the FLSA Collective seek damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law

54. Plaintiff, on behalf of himself and the FLSA Collective, realleges and incorporates by reference all allegations in all preceding paragraphs.

55. At all times relevant to the action, Plaintiff and the FLSA Collective were employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR §142-2.2.

56. Defendants failed to pay Plaintiff and the FLSA Collective the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NY Labor Law.

57. Defendants' failure to pay required overtime was willful.

58. As a result of Defendants' NY Labor Law violations, Plaintiff and the FLSA Collective are entitled to recover from Defendants unpaid overtime wages and liquidated (double) damages, as well as reasonable attorneys' fees and the costs of the action, including interest, pursuant to the NY Labor Law.

## THIRD CAUSE OF ACTION
### New York Labor Law—Failure to Pay Minimum Wage

59. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

60. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

61. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

62. At all times relevant, Plaintiff was covered by the NYLL.

63. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

64. Defendants failed to pay Plaintiff the minimum hourly wages to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

65. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

66. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices

67. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

68. Defendants willfully failed to supply Plaintiff and the FLSA Collective with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

69. Through their knowing or intentional failure to provide Plaintiff and the FLSA Collective with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

70. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each workday starting December 29, 2014 that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYL, Article 6, § 198(1-b).

**FIFTH CAUSE OF ACTION**
**New York Labor Law- Failure to Provide Wage Statements**

71. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendants have willfully failed to supply Plaintiff and the FLSA Collective with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

73. Through their knowing or intentional failure to provide Plaintiff and the FLSA Collective with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

74. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the FLSA Collective are entitled to statutory penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred and fifty dollars for each workweek starting December 29, 2014 that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, Green Kitchen Rest. Corp. d/b/a Green Kitchen and Vasili Karabatsos and John Papacostas, individually, jointly and severally, as follows:

(a) Designation of the action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of the action, and permitting them to assert timely FLSA claims and state claims in the action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(c) Damages for unpaid overtime due to Plaintiff and the FLSA Collective in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(d) Damages for unpaid minimum wages pursuant to the NYLL;

(e) Penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each workday starting December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(f) Penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred and fifty dollars for each workweek starting December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(g) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(h) For prejudgment interest on the foregoing amounts;

(i) For his costs and disbursements of the action, including attorneys' fees; and

(j) For such other further and different relief as the Court deems just and proper.

Dated:  March 24, 2017
           New York, New York

Respectfully submitted,

**THE LAW OFFICES OF JACOB ARONAUER**

By:   */s/ Jacob Aronauer*
        Jacob Aronauer (JA: 9184)
        225 Broadway, Suite 307
        New York, NY 10007
        Telephone:   (212) 323-6980
        Facsimile:     (212) 233-9238
        jaronauer@aronauerlaw.com

        *Attorney for Plaintiff*