## JACOB ARONAUER, ESQ.

Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

August 10, 2017

**Via ECF and Regular Mail**
Hon. Judge Pauley
United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:     Gonzalez v. Green Kitchen Rest. Corp. et al.
>          17-CV-02136 (WHP)

Dear Judge Pauley:

This office represents Plaintiff Jose Gonzalez ("Plaintiff") in the above captioned matter. As Your Honor is aware, on July 24, 2017, the parties provided Your Honor with a proposed settlement agreement (dkt. 11).   Your Honor approved the proposed settlement agreement (dkt. 12). After the Court's approval, Defendants' counsel has informed me that they would like to change the names of the listed Defendants of the settlement agreement. As the material terms of the settlement agreement remain the same and Plaintiff will still receive the same monetary relief and protection as set forth under the terms of the settlement agreement, I have no objection.

The parties jointly request Your Honor's approval with respect to the revised settlement agreement. The redlined changes to the updated proposed settlement agreement are annexed hereto as Exhibit A and a clean version of the proposed settlement agreement are annexed hereto as Exhibit B. Defendants' counsel has informed me that Green Kitchen Rest. Corp. was the incorrectly listed corporate Defendant. Accordingly, C&V 77 Enterprises, LLC will be a party to the settlement agreement. In addition, John Papacostas will no longer be a party to this settlement agreement as he apparently had no involvement in Green Kitchen during the time period that my client worked at Green Kitchen.

As previously stated, the monetary terms of the settlement agreement remain the same.  In addition, Plaintiff still has the same security of an affidavit of confession of judgment and Plaintiff's attorney fees have not changed.

I apologize for any inconvenience this has caused the Court and I appreciate Your Honor's patience.

Respectfully submitted,

Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com
*Attorney for Plaintiff*

cc: **Via Regular Mail and E-mail**
Mr.  Andrew S. Hoffman, Esq.
Ms.  Tram LoPresto, Esq.
Hoffmann & Associates
450 Seventh Avenue, Suite 1400
New York, New York 10123
(212) 679-0400
Andrew.Hoffmann@hoffmannlegal.com
*Attorney for Defendants*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE GONZALEZ,

Plaintiff,

**SETTLEMENT AGREEMENT**

-against-

**17-cv-02136 (WHP)**

GREEN KITCHEN REST. CORP.
d/b/a GREEN KITCHEN and
VASILI KARABATSOS and
JOHN PAPACOSTAS, individually,.

Defendants.

This Settlement Agreement and General Release of Claims (the "Agreement") is entered
into by and between Plaintiff, Jose Gonzalez and his heirs, executors, administrators, successors
and assigns ("Plaintiff"), and C & V 77 ENTERPRISES, LLC d/b/a Green Kitchen and Vasili
Karabatsos, individually and their respective affiliates, parents, insurers, subsidiaries, divisions,
predecessors, heirs, successors, assigns, executors, administrators, and their current and former
employees, officers, directors, agents and attorneys, (collectively, "Defendants").

WHEREAS, Gonzalez has alleged that he was personally employed by Defendants Green
Kitchen Rest. Corp. and Vasili Karabatsos and John Papacostas, individually; and

WHEREAS, a dispute arose regarding Plaintiff's employment and the alleged terms
thereof, which resulted in him commencing an action in the United States District Court for the
Southern District of New York; Docket No. 17-CV-02136 (WHP) (the "Litigation"), in which he
alleged violations of federal and New York state wage and hour and overtime laws; and

WHEREAS, the parties acknowledge that Green Kitchen Rest. Corp. is not the correct
corporate entity that employed Plaintiff and that the correct corporate entity is C & V
ENTERPRISES, LLC d/b/a Green Kitchen; and

WHEREAS, C & V Enterprises, LLC d/b/a Green Kitchen shall be included as a
defendant for the purposes of this Agreement; and

WHEREAS, Defendants deny any liability for the alleged violations of federal and state
wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity,
risks, uncertainty, and expense of further litigation;

1

Author
**Deleted:** Defendants GREEN KITCHEN REST. CORP.
Author
**Deleted:** and John Papacostas

Author
**Formatted:** Font Not Bold

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. **Recitals**: The recitals above are incorporated herein.

2. **Payments to Plaintiffs**: In full satisfaction of all of the claims that Plaintiff has against Defendants in connection with the Litigation and otherwise, Defendants shall pay to the Plaintiff the sum of $62,000 as follows:

   a) Within fourteen days (14) of Court approval of the Settlement Agreement, Defendants shall pay $21,833.34 to Gonzalez and $10,166.66 to The Law Offices of Jacob Aronauer;

   b) The balance of $30,000.00 shall be paid in six (6) equal monthly installments of $5,000.00 each such installment due 30 days after the first payment from Defendants; each installment payment of $5,000.00 shall consist of two checks, one in the amount of $3,333.34 made payable to Gonzalez and 1,666.66. made payable to the Law Offices of Jacob Aronauer.

   c) An IRS Form 1099 will be issued by C & V 77 Enterprises, LLC, to The Law Offices of Jacob Aronauer for the payments made to The Law Offices of Jacob Aronauer.

   d) Within fourteen days (14) of Court approval of the Settlement Agreement, Defendants shall submit to Plaintiff's counsel post dated checks for all the payments set forth in section 2(a) and 2(b).

   e) It is expressly understood by Defendants that the requirement of Defendants to submit all post dated checks is a material term of this Settlement Agreement. If Defendants fail to provide post dated checks as required under the terms of the settlement agreement, Plaintiff will have the right to seek the intervention of the Court and apply for attorney fees in making this application.

3. **Confession of Judgment.**

   (a)     Upon signing of this settlement agreement, Defendants (individually and jointly) shall execute the Confession of Judgment in the amount of one hundred twenty-four thousand dollars ($124,000.00) (attached hereto as Exhibit B), and counsel for Plaintiff shall hold the original Confession of Judgment in escrow as otherwise set forth in paragraph 3.

   (b)     Should any of the monthly installment payments specified in paragraph 2 above not be timely received by Plaintiff, or is dishonored, reversed, or reclaimed for any reason, Plaintiff shall send notice as specified in paragraph 7 of this Agreement. Should such default remain uncured for a period of five (5) business days after notice of default is sent to Defendants' attorney, Plaintiff may enter Judgment against C & V 77 ENTERPRISES, LLC d/b/a Green Kitchen and Vasili Karabatsos, as provided below without further notice upon the submission of a declaration from Plaintiff's counsel

2

Author
Deleted: Green Kitchen, Inc

Author
Deleted: GREEN KITCHEN REST. CORP.
Author
Deleted: and John Papacostas

stating the amount then due and owing, which declaration shall be conclusive as to said amount. If the default is not cured within five (5) business days, Plaintiff shall have all rights and remedies available to him at law and equity both at that time and as of the date of this Agreement, including without limitation, the right to enter judgment against, immediately and without any further notice, in the principal amount of $124,000, less any payments made pursuant to this Agreement, in accordance with the Affidavit of Confession and Article 50 of the CPLR.

Author
**Deleted:**

4. **Effective Date and Revocation:** This Agreement shall become effective on the day the Court approves the settlement agreement.

5. **Voluntary Dismissal With Prejudice:** Upon full payment by Defendants, Plaintiff hereby authorizes and directs his attorney to execute and file with the Court the Stipulation and Order of Dismissal in the format attached hereto as Exhibit A or in any other format required by the Court, and by executing any other documents necessary to complete such dismissal with prejudice.

6. **Consideration:** For and in consideration of the covenants and promises made by Plaintiff in this Agreement, Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction of Plaintiff's claims and potential claims against Defendants through the Effective Date of this Agreement, including all claims for wages, compensatory damages, liquidated damages, counsel fees and costs incurred by Plaintiff, the gross sum of Sixty-Two Thousand Dollars ($62,000.00) (the "Settlement Amount").

7. **Taxes:** Plaintiff understands and agrees that he is receiving gross sums under this Agreement and that Defendants are not withholding federal, state or local income taxes, FICA, FUTA, Social Security, Medicare, or any other payroll withholding, and Plaintiff therefore agrees to pay and assume full responsibility for any and all federal, state, and local taxes or contributions which may hereafter be imposed or required to be paid under any federal, state or local laws of any kind, with respect to the monies to be paid to Plaintiff pursuant to this Agreement. Plaintiff further agrees to indemnify and hold Defendants harmless from and against any and all liability for not withholding the foregoing tax items from the payments, including any penalties or interest, and also to pay their costs and expenses including, without limitation, attorneys' fees, incurred if such a claim or proceeding is made, assessed or brought against either of them.

8. **Notices:** Any notices required to be given by any party hereto shall be made in writing and transmitted either by (a) personal delivery, (b) facsimile, (c) first class certified mail, return receipt requested, or (d) FedEx or other commercial overnight delivery service. Notices shall be addressed to the parties as follows:

If to the Plaintiff:

> Jacob Aronauer, Esq.
> The Law Offices of Jacob Aronauer

225 Broadway, Suite 307
New York, NY 10007
(212) 233-9238
jaronauer@aronauerlaw.com

If to Defendants:

Andrew S. Hoffmann, Esq.
Hoffmann & Associates
450 Seventh Avenue, Suite 1400
New York, New York 10123
Andrew.Hoffmann@HoffmannLegal.com

In addition, should any payment required by paragraph 2 above not be timely received by Plaintiff, or be dishonored, reversed, or reclaimed for any reason, Plaintiff shall send written notice of the default to Defendants' attorney by electronic mail in addition to one of the other methods required above. Andrew Hoffmann's e-mail is Andrew.Hoffmann@HoffmannLegal.com.

9. **Release and Covenant Not To Sue by Plaintiff:** Upon and subject to Defendants' compliance in full of their obligations under the terms of this Agreement, Plaintiff hereby irrevocably and unconditionally releases and forever discharges each of the Defendants and their respective affiliates, parents, insurers, subsidiaries, divisions, predecessors, heirs, successors, assigns, executors, administrators, and their current and former employees, officers, directors, agents and attorneys (the "Releasees") including but not limited to C & V 77 Enterprises and Constantine Kasimis from and against any and all charges, complaints, claims, and liabilities of any kind whatsoever, known or unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had or claimed to have against Defendants relating to his employment with Defendants and regarding events that have occurred as of the Effective Date of this Agreement, including, without limitation, any and all claims related or in any manner incidental to the Litigation, Plaintiff's employment or termination, or any liability under any contract, tort, federal, state or local fair employment practices or civil rights or any other law, including, but not limited to, the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act 29 U.S.C. § 201, et. seq., New York State Labor Law §§ 191, 193, 196-d, 198-b, 650, et. seq., 652, and 663 and relevant sections of N.Y. Comp. Codes R. & Regs, New York State Labor Law, liquidated damages, compensatory damages, punitive damages, wages, tips, penalties of any nature whatsoever, restitution and other claims for equitable relief, claims for other compensation or benefits, including 401(k) benefits or matching benefits, retirement or deferred compensation benefits, health and welfare benefits, claims on account of unpaid wages, tips, overtime, and/or other compensation, attorneys' fees and costs, any other claims whatsoever alleged or that could have been alleged in the Litigation and any claims arising out of or attributable to Plaintiff's employment or resignation of his employment with

4

Author
Deleted: er

Author
Deleted: er

Defendants, or the other Releasees, or any and all common law claims, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity, except that nothing in this Agreement shall operate to preclude Plaintiff from enforcing, or shall adversely affect his right or ability to enforce, this Agreement.

10. **Release and Covenant Not to Sue by Defendants:** Upon and subject to Plaintiff's compliance in full of his obligations under the terms of this agreement, Defendants hereby irrevocably and unconditionally release and forever discharge Plaintiff.

11. **Affirmations:** Other than the Litigation, Plaintiff affirms that he has not filed, caused to be filed, or presently is a party to any filed claim, complaint, or action against $\mathcal{C}$ & V 77 Enterprises, LLC, Vasili Karabatsos or Constantine Kasimis in any forum.

12. **Full Settlement and Release:** Plaintiff represents and acknowledges that the amounts set forth in paragraph 2 above represent fair consideration for his release and other obligations under this Agreement, and Plaintiff specifically acknowledges that upon collection of all the payments set forth in paragraph 2 hereof, Plaintiff is not entitled to any additional payment for wages or other compensation from Defendants.

13. **No Admission of Wrongdoing:** This Agreement, and compliance with this Agreement, is and shall not be deemed to be or construed as an admission by Defendants of any violation of or liability under, any federal, state or local statute, rule, regulation, duty, contract, right, order or principal of common law or equity. Rather, this Agreement constitutes the good faith settlement and release of disputed claims, and it is acknowledged and agreed by the parties that this agreement is being entered into by the parties solely to avoid the burden, expense, delay and uncertainty of further litigation and to fully and finally resolve, settle and dismiss, with prejudice, any and all claims of any kind whatsoever, whether known or unknown, that Plaintiff has now or has ever had against any of the Defendants arising from his employment, the Claims or otherwise. Defendants expressly deny any wrongdoing of any kind with respect to Plaintiff. Neither party shall be considered a prevailing party and each party shall bear his or its own attorneys' fees, costs and expenses.

14. **Approval of Settlement and Dismissal of Pending Action:** For and in consideration of collection of the payments described in Paragraph 2 and the terms and conditions of this Agreement, the parties agree: (1) to dismiss the Litigation with prejudice by filing a stipulation in the form annexed hereto; and (2) not to re-file these causes of action, or any other causes of action against the Releasees for any claims whatsoever as defined in paragraph 8.

15. **Mutual Non-Disparagement:** The parties agree that they will not engage in any conduct that is injurious to the reputation and interests of each other, including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating or criticizing one

5

Author
Deleted: er

Author
Deleted: any of the Defendants

Author
Deleted: er

Author
Deleted: er
Author
Deleted: her.

another regarding any subject matter, including without limitation those that are relevant to the instant proceedings and the settlement of the Litigation.

16. **No Future Employment:** It is agreed that the employee-employer relationship between Plaintiff and Defendants ended for reasons unrelated to any federal, state, or local statute or regulation or any cause of action Plaintiff has or may have had against Defendants. It is further understood should Plaintiff again apply to work for Defendant or any entity that is owned or controlled by any Defendant, in any capacity, Defendants, based on this clause, may deny Plaintiff employment for any position Plaintiff seeks, and that Plaintiff will not assert that such denial is a violation of any federal, state or municipal statute and/or common law right or is retaliatory in any way. Accordingly, it is agreed that the Plaintiff will not knowingly seek employment with Defendants or any entity that is controlled by or a parent or subsidiary of the Defendants after the execution of this Agreement.

17. **Modification of the Agreement:** Any modification of this Agreement shall not be effective unless in writing and signed by the party to be charged with such change or modification.

18. **Acknowledgment:** It is further understood and agreed that the sum of $62,000.00 and the other good and valuable consideration provided for herein is not a mere recital but is the consideration for this Agreement and all terms herein, and the full and final release effected thereby. Plaintiff hereby represents and warrants that he entered into this Agreement of his own free will and accord, and in accordance with his own judgment. Plaintiff further acknowledges that he has been fully and fairly represented by counsel in this matter. Plaintiff, after consultation with his attorney, Jacob Aronauer, Esq., hereby states that he and his counsel have made a full and independent investigation of all of the facts and representations relating to this Agreement, and therefore state that they have not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants' agents, attorneys, servants, employees or representatives other than those specifically set forth herein. Plaintiff specifically acknowledges that the parties jointly prepared this Agreement and that he is signing this Agreement knowingly and voluntarily.

19. **Governing Law and Venue:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. It is expressly understood between the parties that Judge Pauley the Court in the Southern District of New York, United District Court will retain jurisdiction as to the enforcement of this Agreement. In the event that Judge Pauley is unable to hear any dispute, the parties consent to bring any dispute before a Magistrate Judge in the Southern District of New York.

20. **References:** Defendants agree to provide a neutral reference regarding the Plaintiff, that is, Defendants will confirm his dates of employment, his last job title and his salary at the time of the conclusion of his employment. Within 15 days of this Agreement being signed, Defendants will provide Plaintiff with a letter of reference on its letterhead.

6

21. **Counterparts:** This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Signatures on either E-mail or fax shall be deemed as effective as original signatures.

22. **Knowing and Voluntary Release of Claims.**

Plaintiff acknowledges and agrees that he:

a) Carefully read this Agreement (and/or had it translated for him in Spanish) and fully understands its meaning;

b) Was advised to consult with an attorney before signing this Agreement, and that he did in fact consult with Plaintiff's Attorney regarding this Agreement;

c) Is receiving benefits which he would not otherwise receive but for his consent to enter into this Agreement; and

d) Is signing this Agreement, knowingly, voluntarily, and without any coercion or duress.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to

each, as of the date(s) set forth below opposite their respective signatures.

Dated: _____

JOSE GONZALEZ

STATE OF NEW YORK )
                 ) ss.:
COUNTY OF _____

On this ___ day of _____, 2017, before me, the undersigned, appeared JOSE GONZALEZ personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

7

Dated: _____          _____
                                          VASILI KARABATSOS

STATE OF NEW YORK     )
                              ) ss.:
COUNTY OF _____

    On this ___ day of _____, 2017, before me, the undersigned, appeared VASILI KARABATSOS personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.


_____
Notary Public


Dated: _____
                                          C. & V. 77 ENTERPRISES, LLC
                                          BY: _____
                                          TITLE: _____


STATE OF NEW YORK     )
                              ) ss.:
COUNTY OF _____

    On this ___ day of _____, 2017, before me, the undersigned, appeared _____ personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.


_____
Notary Public

8

**Author**
**Deleted:** Dated

**Author**
**Deleted:** GREEN KITCHEN REST. CORP.

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

JOSE GONZALEZ

                              Plaintiff,

                                                    **17-CV-02125 (WHP)**

        -against-

                                                    STIPULATION AND
GREEN KITCHEN REST. CORP.,                          ORDER OF DISMISSAL
d/b/a GREEN KITCHEN and VASILI
KARABATSOS and JOHN PAPACOSTAS,
individually,

                              Defendants.

-------------------------------------------------------------------------X

        IT IS HEREBY STIPULATED AND  AGREED,  by and between the parties in the

above captioned action, through the undersigned counsel, that the action (and all claims and

causes of action that were or could have been asserted in it) be withdrawn, discontinued and

dismissed, with prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure.

_____                Dated: _____, 20___
By: Jacob Aronauer, Esq.
THE LAW OFFICES OF JACOB ARONAUER
225 Broadway, 3rd Floor
New York, New York 10007
*Attorney for Plaintiff*

                                                    Dated: _____, 20___
_____
By: Andrew S. Hoffmann, Esq.
Hoffmann & Associates
450 Seventh Avenue, Suite 10123
New York, New York 10123
*Attorney for Defendants*

**SO ORDERED.**

Dated: _____, 20___
                                                    _____
                                                    Hon. William H. Pauley

                                    10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

JOSE GONZALEZ,

                         Plaintiff,               **17-cv-02136 (WHP)**

       -against-                   **CONFESSION OF**
                                          **JUDGMENT**

GREEN KITCHEN REST. CORP.,
VASILI KARABATSOS and JOHN
PAPACOSTAS, individually,

                    Defendants.

-----------------------------------------------------------------------X

VASILI KARABATSOS, being duly sworn, depose and say:

1.  I am a Defendant in the above-entitled action and officer of C & V 77 Enterprises, LLC.

2.  I currently reside in New York, New York.

3.  I, defendant in the above-entitled action, on behalf of the Defendants, as an individual, hereby confess judgment in this Court in favor of the Plaintiff, Jose Gonzalez for a maximum sum of One Hundred Twenty-Four Thousand dollars ($124,000.00) in accordance with the amicable resolution of an action between these parties pending in the United States District Court for the Southern District of New York, bearing Docket No. 17-cv-02136 (WHP) (the "Litigation") and hereby authorize Plaintiff or his heirs, executors, administrators, or assigns to enter judgment for that sum against Green Kitchen Rest. Corp. and VASILI KARABATSOS, as individuals.

4. This confession of judgment is for a debt justly due to the Plaintiff arising out of the following facts:

Plaintiff commenced the Litigation pursuant to the Fair Labor Standards Act and the New York Labor Law, asserting that Defendants failed to pay minimum wages, overtime and spread of hours wages. The Litigation was amicably resolved by Defendants agreeing to pay a total of $62,000.00 in 7 monthly installments with the first monthly installment being in the sum of $32,000.00.

5. The parties also agreed, however, should the Defendants fail to make a payment when due, after five (5) days' notice of such default (via email to the Defendants' counsel), C & V 77 Enterprises and Vasili Karabatsos, as an individual, would be indebted to Plaintiff in the amount of One Hundred Twenty-Four Thousand dollars ($124,000.00) less an amount equal to double any payments already made at the time of the default pursuant to the amicable resolution of the

11

**Author**
Deleted: and JOHN PAPACOSTAS

**Author**
Deleted: We are Defendants

**Author**
Deleted: s

**Author**
Deleted: the corporate defendant, Green Kitchen, Inc

**Author**
Deleted: We

**Author**
Deleted: We

**Author**
Deleted: s

**Author**
Deleted: s

**Author**
Deleted: and JOHN PAPACOSTAS

**Author**
Deleted: Green Kitchen Rest. Corp.

**Author**
Deleted: and John Papacostas

**Author**
Deleted: s

**Author**
Deleted: s

Litigation.

5. This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

Author
Deleted: s

VASILILI KARABATSOS

Dated: _____

Sworn to before me this
day of _____, 20____

_____
Notary Public

Author
Deleted: . . . . . .

12

| Page 8: [1] Deleted | Author | |
|---|---|---|

Dated: _____

_____

                                    JOHN PAPACOSTAS

STATE OF NEW YORK      )
                                    ) ss.:
COUNTY OF _____

    On this ___ day of _____, 2017, before me, the undersigned, appeared JOHN PAPACOSTAS personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____

Notary Public

_____

Notary Public

| Page 12: [2] Deleted | Author | |
|---|---|---|

_____

                                    JOHN PAPACOSTAS

                                    Dated:_____

Sworn to before me this
day of _____, 20__

_____

Notary Public

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE GONZALEZ,

Plaintiff,

-against-

GREEN KITCHEN REST. CORP.
d/b/a GREEN KITCHEN and
VASILI KARABATSOS and
JOHN PAPACOSTAS, individually,,

Defendants.

**SETTLEMENT AGREEMENT**

**17-cv-02136 (WHP)**

---

This Settlement Agreement and General Release of Claims (the "Agreement") is entered into by and between Plaintiff, Jose Gonzalez and his heirs, executors, administrators, successors and assigns ("Plaintiff"), and C & V 77 ENTERPRISES, LLC d/b/a Green Kitchen and Vasili Karabatsos, individually and their respective affiliates, parents, insurers, subsidiaries, divisions, predecessors, heirs, successors, assigns, executors, administrators, and their current and former employees, officers, directors, agents and attorneys, (collectively, "Defendants").

WHEREAS, Gonzalez has alleged that he was personally employed by Defendants Green Kitchen Rest. Corp. and Vasili Karabatsos and John Papacostas, individually; and

WHEREAS, a dispute arose regarding Plaintiff's employment and the alleged terms thereof, which resulted in him commencing an action in the United States District Court for the Southern District of New York; Docket No. 17-CV-02136 (WHP) (the "Litigation"), in which he alleged violations of federal and New York state wage and hour and overtime laws; and

WHEREAS, the parties acknowledge that Green Kitchen Rest. Corp. is not the correct corporate entity that employed Plaintiff and that the correct corporate entity is C & V ENTERPRISES, LLC d/b/a Green Kitchen; and

WHEREAS C & V Enterprises, LLC d/b/a Green Kitchen shall be included as a defendant for the purposes of this Agreement; and

WHEREAS, Defendants deny any liability for the alleged violations of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity, risks, uncertainty, and expense of further litigation;

1

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. **Recitals:** The recitals above are incorporated herein.

2. **Payments to Plaintiffs:** In full satisfaction of all of the claims that Plaintiff has against Defendants in connection with the Litigation and otherwise, Defendants shall pay to the Plaintiff the sum of $62,000 as follows:

a) Within fourteen days (14) of Court approval of the Settlement Agreement, Defendants shall pay $21,833.34 to Gonzalez and $10,166.66 to The Law Offices of Jacob Aronauer;

b) The balance of $30,000.00 shall be paid in six (6) equal monthly installments of $5,000.00 each such installment due 30 days after the first payment from Defendants; each installment payment of $5,000.00 shall consist of two checks, one in the amount of $3,333.34 made payable to Gonzalez and 1,666.66. made payable to the Law Offices of Jacob Aronauer.

c) An IRS Form 1099 will be issued by C & V 77 Enterprises, LLC. to The Law Offices of Jacob Aronauer for the payments made to The Law Offices of Jacob Aronauer.

d) Within fourteen days (14) of Court approval of the Settlement Agreement, Defendants shall submit to Plaintiff's counsel post dated checks for all the payments set forth in section 2(a) and 2(b).

e) It is expressly understood by Defendants that the requirement of Defendants to submit all post dated checks is a material term of this Settlement Agreement. If Defendants fail to provide post dated checks as required under the terms of the settlement agreement, Plaintiff will have the right to seek the intervention of the Court and apply for attorney fees in making this application.

3. **Confession of Judgment.**

(a) Upon signing of this settlement agreement, Defendants (individually and jointly) shall execute the Confession of Judgment in the amount of one hundred twenty-four thousand dollars ($124,000.00) (attached hereto as Exhibit B), and counsel for Plaintiff shall hold the original Confession of Judgment in escrow as otherwise set forth in paragraph 3.

(b) Should any of the monthly installment payments specified in paragraph 2 above not be timely received by Plaintiff, or is dishonored, reversed, or reclaimed for any reason, Plaintiff shall send notice as specified in paragraph 7 of this Agreement. Should such default remain uncured for a period of five (5) business days after notice of default is sent to Defendants' attorney, Plaintiff may enter Judgment against C & V 77 ENTERPRISES, LLC d/b/a Green Kitchen and Vasili Karabatsos, as provided below without further notice upon the submission of a declaration from Plaintiff's counsel

stating the amount then due and owing, which declaration shall be conclusive as to said amount. If the default is not cured within five (5) business days, Plaintiff shall have all rights and remedies available to him at law and equity both at that time and as of the date of this Agreement, including without limitation, the right to enter judgment against, immediately and without any further notice, in the principal amount of $124,000, less any payments made pursuant to this Agreement, in accordance with the Affidavit of Confession and Article 50 of the CPLR.

4. **Effective Date and Revocation:** This Agreement shall become effective on the day the Court approves the settlement agreement.

5. **Voluntary Dismissal With Prejudice:** Upon full payment by Defendants, Plaintiff hereby authorizes and directs his attorney to execute and file with the Court the Stipulation and Order of Dismissal in the format attached hereto as Exhibit A or in any other format required by the Court, and by executing any other documents necessary to complete such dismissal with prejudice.

6. **Consideration:** For and in consideration of the covenants and promises made by Plaintiff in this Agreement, Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction of Plaintiff's claims and potential claims against Defendants through the Effective Date of this Agreement, including all claims for wages, compensatory damages, liquidated damages, counsel fees and costs incurred by Plaintiff, the gross sum of Sixty-Two Thousand Dollars ($62,000.00) (the "Settlement Amount").

7. **Taxes:** Plaintiff understands and agrees that he is receiving gross sums under this Agreement and that Defendants are not withholding federal, state or local income taxes, FICA, FUTA, Social Security, Medicare, or any other payroll withholding, and Plaintiff therefore agrees to pay and assume full responsibility for any and all federal, state, and local taxes or contributions which may hereafter be imposed or required to be paid under any federal, state or local laws of any kind, with respect to the monies to be paid to Plaintiff pursuant to this Agreement. Plaintiff further agrees to indemnify and hold Defendants harmless from and against any and all liability for not withholding the foregoing tax items from the payments, including any penalties or interest, and also to pay their costs and expenses including, without limitation, attorneys' fees, incurred if such a claim or proceeding is made, assessed or brought against either of them.

8. **Notices:** Any notices required to be given by any party hereto shall be made in writing and transmitted either by (a) personal delivery, (b) facsimile, (c) first class certified mail, return receipt requested, or (d) FedEx or other commercial overnight delivery service. Notices shall be addressed to the parties as follows:

If to the Plaintiff:

Jacob Aronauer, Esq.
The Law Offices of Jacob Aronauer

225 Broadway, Suite 307
New York, NY 10007
(212) 233-9238
jaronauer@aronauerlaw.com

If to Defendants:

Andrew S. Hoffmann, Esq.
Hoffmann & Associates
450 Seventh Avenue, Suite 1400
New York, New York 10123
Andrew.Hoffmann@HoffmannLegal.com

In addition, should any payment required by paragraph 2 above not be timely received by Plaintiff, or be dishonored, reversed, or reclaimed for any reason, Plaintiff shall send written notice of the default to Defendants' attorney by electronic mail in addition to one of the other methods requried above. Andrew Hoffmann's e-mail is Andrew.Hoffmann@HoffmannLegal.com.

9. **Release and Covenant Not To Sue by Plaintiff:** Upon and subject to Defendants' compliance in full of their obligations under the terms of this Agreement, Plaintiff hereby irrevocably and unconditionally releases and forever discharges each of the Defendants and their respective affiliates, parents, insurers, subsidiaries, divisions, predecessors, heirs, successors, assigns, executors, administrators, and their current and former employees, officers, directors, agents and attorneys (the "Releasees") including but not limited to C & V 77 Enterprises and Constantine Kasimis from and against any and all charges, complaints, claims, and liabilities of any kind whatsoever, known or unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had or claimed to have against Defendants relating to his employment with Defendants and regarding events that have occurred as of the Effective Date of this Agreement, including, without limitation, any and all claims related or in any manner incidental to the Litigation, Plaintiff's employment or termination, or any liability under any contract, tort, federal, state or local fair employment practices or civil rights or any other law, including, but not limited to, the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act 29 U.S.C. § 201, et. seq., New York State Labor Law §§ 191, 193, 196-d, 198-b, 650, et. seq., 652, and 663 and relevant sections of N.Y. Comp. Codes R. & Regs, New York State Labor Law, liquidated damages, compensatory damages, punitive damages, wages, tips, penalties of any nature whatsoever, restitution and other claims for equitable relief, claims for other compensation or benefits, including 401(k) benefits or matching benefits, retirement or deferred compensation benefits, health and welfare benefits, claims on account of unpaid wages, tips, overtime, and/or other compensation, attorneys' fees and costs, any other claims whatsoever alleged or that could have been alleged in the Litigation and any claims arising out of or attributable to Plaintiff's employment or resignation of his employment with

Defendants, or the other Releasees, or any and all common law claims, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity, except that nothing in this Agreement shall operate to preclude Plaintiff from enforcing, or shall adversely affect his right or ability to enforce, this Agreement.

10. **Release and Covenant Not to Sue by Defendants:** Upon and subject to Plaintiff's compliance in full of his obligations under the terms of this agreement, Defendants hereby irrevocably and unconditionally release and forever discharge Plaintiff.

11. **Affirmations:** Other than the Litigation, Plaintiff affirms that he has not filed, caused to be filed, or presently is a party to any filed claim, complaint, or action against C & V 77 Enterprises, LLC, Vasili Karabatsos or Constantine Kasimis in any forum.

12. **Full Settlement and Release:** Plaintiff represents and acknowledges that the amounts set forth in paragraph 2 above represent fair consideration for his release and other obligations under this Agreement, and Plaintiff specifically acknowledges that upon collection of all the payments set forth in paragraph 2 hereof, Plaintiff is not entitled to any additional payment for wages or other compensation from Defendants.

13. **No Admission of Wrongdoing:** This Agreement, and compliance with this Agreement, is and shall not be deemed to be or construed as an admission by Defendants of any violation of or liability under, any federal, state or local statute, rule, regulation, duty, contract, right, order or principal of common law or equity. Rather, this Agreement constitutes the good faith settlement and release of disputed claims, and it is acknowledged and agreed by the parties that this agreement is being entered into by the parties solely to avoid the burden, expense, delay and uncertainty of further litigation and to fully and finally resolve, settle and dismiss, with prejudice, any and all claims of any kind whatsoever, whether known or unknown, that Plaintiff has now or has ever had against any of the Defendants arising from his employment, the Claims or otherwise. Defendants expressly deny any wrongdoing of any kind with respect to Plaintiff. Neither party shall be considered a prevailing party and each party shall bear his or its own attorneys' fees, costs and expenses.

14. **Approval of Settlement and Dismissal of Pending Action:** For and in consideration of collection of the payments described in Paragraph 2 and the terms and conditions of this Agreement, the parties agree: (1) to dismiss the Litigation with prejudice by filing a stipulation in the form annexed hereto; and (2) not to re-file these causes of action, or any other causes of action against the Releasees for any claims whatsoever as defined in paragraph 8.

15. **Mutual Non-Disparagement:** The parties agree that they will not engage in any conduct that is injurious to the reputation and interests of each other, including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating or criticizing one

another regarding any subject matter, including without limitation those that are relevant to the instant proceedings and the settlement of the Litigation.

16. **No Future Employment:** It is agreed that the employee-employer relationship between Plaintiff and Defendants ended for reasons unrelated to any federal, state, or local statute or regulation or any cause of action Plaintiff has or may have had against Defendants. It is further understood should Plaintiff again apply to work for Defendant or any entity that is owned or controlled by any Defendant, in any capacity, Defendants, based on this clause, may deny Plaintiff employment for any position Plaintiff seeks, and that Plaintiff will not assert that such denial is a violation of any federal, state or municipal statute and/or common law right or is retaliatory in any way. Accordingly, it is agreed that the Plaintiff will not knowingly seek employment with Defendants or any entity that is controlled by or a parent or subsidiary of the Defendants after the execution of this Agreement.

17. **Modification of the Agreement:** Any modification of this Agreement shall not be effective unless in writing and signed by the party to be charged with such change or modification.

18. **Acknowledgment:** It is further understood and agreed that the sum of $62,000.00 and the other good and valuable consideration provided for herein is not a mere recital but is the consideration for this Agreement and all terms herein, and the full and final release effected thereby. Plaintiff hereby represents and warrants that he entered into this Agreement of his own free will and accord, and in accordance with his own judgment. Plaintiff further acknowledges that he has been fully and fairly represented by counsel in this matter. Plaintiff, after consultation with his attorney, Jacob Aronauer, Esq., hereby states that he and his counsel have made a full and independent investigation of all of the facts and representations relating to this Agreement, and therefore state that they have not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants' agents, attorneys, servants, employees or representatives other than those specifically set forth herein. Plaintiff specifically acknowledges that the parties jointly prepared this Agreement and that he is signing this Agreement knowingly and voluntarily.

19. **Governing Law and Venue:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. It is expressly understood between the parties that Judge Pauley the Court in the Southern District of New York, United District Court will retain jurisdiction as to the enforcement of this Agreement. In the event that Judge Pauley is unable to hear any dispute, the parties consent to bring any dispute before a Magistrate Judge in the Southern District of New York.

20. **References:** Defendants agree to provide a neutral reference regarding the Plaintiff, that is, Defendants will confirm his dates of employment, his last job title and his salary at the time of the conclusion of his employment. Within 15 days of this Agreement being signed, Defendants will provide Plaintiff with a letter of reference on its letterhead.

21. **Counterparts:** This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Signatures on either E-mail or fax shall be deemed as effective as original signatures.

22. **Knowing and Voluntary Release of Claims.**

Plaintiff acknowledges and agrees that he:

a) Carefully read this Agreement (and/or had it translated for him in Spanish) and fully understands its meaning;

b) Was advised to consult with an attorney before signing this Agreement, and that he did in fact consult with Plaintiff's Attorney regarding this Agreement;

c) Is receiving benefits which he would not otherwise receive but for his consent to enter into this Agreement; and

d) Is signing this Agreement, knowingly, voluntarily, and without any coercion or duress.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to

each, as of the date(s) set forth below opposite their respective signatures.

Dated: _____

JOSE GONZALEZ

STATE OF NEW YORK )
                        ) ss.:
COUNTY OF _____

On this ___ day of _____, 2017, before me, the undersigned, appeared JOSE GONZALEZ personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

7

Dated: _____          _____
                                  **VASILI KARABATSOS**

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF _____

     On this ___ day of _____, 2017, before me, the undersigned, appeared VASILI KARABATSOS personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.


_____
Notary Public



Dated: _____          _____
                                  C & V 77 ENTERPRISES, LLC
                                  BY: _____
                                  TITLE: _____



STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF _____

     On this ___ day of _____, 2017, before me, the undersigned, appeared _____ personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.


_____
Notary Public

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

JOSE GONZALEZ

                        Plaintiff,

              **17-CV-02125 (WHP)**

     -against-

              **STIPULATION AND**

GREEN KITCHEN REST. CORP.,         **ORDER OF DISMISSAL**
d/b/a GREEN KITCHEN and VASILI
KARABATSOS and JOHN PAPACOSTAS,
individually,

                 Defendants.

-------------------------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the

above captioned action, through the undersigned counsel, that the action (and all claims and

causes of action that were or could have been asserted in it) be withdrawn, discontinued and

dismissed, with prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure.

Dated: _____, 20__

By: Jacob Aronauer, Esq.
THE LAW OFFICES OF JACOB ARONAUER
225 Broadway, 3rd Floor
New York, New York 10007
*Attorney for Plaintiff*

Dated: _____, 20__

By: Andrew S. Hoffmann, Esq.
Hoffmann & Associates
450 Seventh Avenue, Suite 10123
New York, New York 10123
*Attorney for Defendants*

**SO ORDERED.**

Dated: _____, 20__

                                      Hon. William H. Pauley

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

JOSE GONZALEZ,

                                        Plaintiff,              **17-cv-02136 (WHP)**

          -against-                                             CONFESSION OF
                                                                JUDGMENT

GREEN KITCHEN REST. CORP.,
VASILI KARABATSOS and JOHN
PAPACOSTAS, individually,

                                        Defendants.
-------------------------------------------------------------------------X

VASILI KARABATSOS, being duly sworn, depose and say:

1. I am a Defendant in the above-entitled action and officer of C & V 77 Enterprises, LLC.

2. I currently reside in New York, New York.

3. I, defendant in the above-entitled action, on behalf of the Defendants, as an individual,
   hereby confess judgment in this Court in favor of the Plaintiff, Jose Gonzalez for a
   maximum sum of One Hundred Twenty-Four Thousand dollars ($124,000.00) in
   accordance with the amicable resolution of an action between these parties pending in the
   United States District Court for the Southern District of New York, bearing Docket No.
   17-cv-02136 (WHP) (the "Litigation") and hereby authorize Plaintiff or his heirs,
   executors, administrators, or assigns to enter judgment for that sum against Green
   Kitchen Rest. Corp. and VASILI KARABATSOS, as individuals.

4. This confession of judgment is for a debt justly due to the Plaintiff arising out of the
following facts:

Plaintiff commenced the Litigation pursuant to the Fair Labor Standards Act and the
New York Labor Law, asserting that Defendants failed to pay minimum wages, overtime and
spread of hours wages. The Litigation was amicably resolved by Defendants agreeing to pay a
total of $62,000.00 in 7 monthly installments with the first monthly installment being in the sum
of $32,000.00.

5. The parties also agreed, however, should the Defendants fail to make a payment when due,
after five (5) days' notice of such default (via email to the Defendants' counsel), C & V 77
Enterprises and Vasili Karabatsos, as an individual, would be indebted to Plaintiff in the amount
of One Hundred Twenty-Four Thousand dollars ($124,000.00) less an amount equal to double
any payments already made at the time of the default pursuant to the amicable resolution of the

11

Litigation.

5. This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

_____

VASILILI KARABATSOS

Dated:_____

Sworn to before me this
day of _____, 20___

_____

Notary Public